ALPHONSE LaROSA *v.* HARRY LIEBMAN ET AL.

MALTBIE, C. J., AVERY, JENNINGS and ELLS, Js.[1]

Argued June 2—decided July 1, 1942.

*Edward S. Rogin,* for the appellant (plaintiff).

*Daniel D. Morgan,* for the appellees (defendants).

ELLS, J.   The plaintiff was injured in the course of his employment.   Having worked less than two calendar weeks, his weekly wage was to be considered as equivalent to the average weekly wage prevailing in the same or similar employment in the same locality at the time of injury.   General Statutes, § 5238.   The parties entered into a voluntary agreement, approved by the commissioner, fixing the wage at $18 and the

---

[1] By agreement of counsel the case was argued before and decided by four judges.

compensation at $9, and this was paid weekly by the insurer for several months. Upon the stoppage of payments, the plaintiff moved that compensation be continued, and that the rate be increased and the voluntary agreement modified accordingly. Hearings were duly held and the commissioner found that the plaintiff was still totally disabled; that at the time he entered into the agreement he was in a hospital and was probably unable to understand the nature of the paper which he signed; and that the weekly wage prevailing in Ellington, in Tolland County, where he was employed, and in the vicinity, at the time of the injury, was $25. The commissioner modified the agreement and fixed the average wage at $25 per week, and awarded compensation at the rate of $12.50 per week.

The defendants appealed to the Superior Court, claiming error in the conclusions of the commissioner that the plaintiff did not know the nature of the paper he signed, and that the average wage was $25 per week. The court sustained the first conclusion, but found that the evidence before the commissioner did not furnish a reasonable basis for the second one. It rendered judgment sustaining the appeal and setting aside the award of the commissioner. The defendants did not appeal, and the court's conclusion that the plaintiff did not know the contents of the agreement stands. The plaintiff appealed, claiming that there was sufficient evidence to support the commissioner's conclusion as to the wage, and that otherwise the court should have found what the average weekly wage was.

The plaintiff produced only the testimony of a market gardener and dairy farmer in Southington, in Hartford County, to the effect that he paid about $20 a week for similar services, and in addition "rent free, lights, milk etc.," and that this made the total wage

about $30. The defendants' witnesses all operated farms in Ellington which were of the same character as the one operated by the named defendant. A careful review of their testimony shows a prevailing wage of less than $25 a week. The commissioner could reasonably have found that it was in the neighborhood of $20. It seems apparent that he struck an average between this amount and the wage of $30 a week testified to by the Southington farmer and arrived at his conclusion that $25 was the prevailing wage; and that the Superior Court upon appeal rejected the testimony of the plaintiff's witness because the witness' business was different, in that he was a market gardener and dairy farmer, and particularly because Southington, in Hartford County, is not in the same locality as Ellington, in Tolland County, within the meaning of the statute. We are permitted to take judicial notice of the fact that the distance between the two towns is considerable and that conditions in the tobacco country, in which Ellington is situated, are quite different from those existing in the kind of business the plaintiff's witness conducted in Southington. We decide that the conclusion of the trial court to the effect that the evidence produced before the commissioner did not reasonably establish a prevailing wage of $25 a week for this work, in this locality, is correct.

The plaintiff testified that the named defendant promised him "around $25.00 . . . something about $25.00." The plaintiff's position was unusual. He was hired as an ordinary farm hand, was hurt and was given a truck to drive because he could not do farm labor. Under these circumstances, the testimony that he was promised "around $25.00" is very slight evidence of a prevailing wage and is of no material assistance in establishing the figure in the commissioner's finding.

The commissioner's finding shows that the payments made under the voluntary agreement had stopped. They were continued only upon the award made by the commissioner. The court sustained the appeal and set the award aside. The effect of this was to leave the plaintiff without compensation. The defendants attempt to justify this by claiming that the court decided the specific reasons of appeal, and upon the state of the record could do nothing more. Obviously the court could have remanded the case to the commissioner with direction to modify the award as to the amount of the payments to be made, and the question now is whether it was obligated to do so. This being a case involving workmen's compensation, the court was not fettered by the niceties of technical rules as to the pleadings. It ought not to leave the plaintiff without an award of any kind and, under our liberal practice in such cases, should not compel him to hire an attorney to take necessary steps to start all over again before the compensation tribunal. The award was a valid one in so far as it found that the plaintiff was still totally disabled and that compensation payments should continue. The court was in error in setting it wholly aside.

There is error, the judgment is set aside and the Superior Court is directed to remand the case to the compensation commissioner for the first district for a modification of the award only as to the amount of the payments to be made.

In this opinion the other judges concurred.